IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUGUST MACK ENVIRONMENTAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEYSTONE ENVIRONMENTAL HEALTH AND SAFETY SERVICES INC., <br><br> Defendant. | Case No. 3:23-cv-205 |

**AUGUST MACK ENVIRONMENTAL, INC.'S COMPLAINT**

Plaintiff August Mack Environmental, Inc. ("August Mack") for its complaint against Keystone Environmental, Health and Safety Services, Inc. ("Keystone") alleges as follows:

**NATURE OF THE CASE**

1. August Mack files this action to enforce its rights under its Confidentiality and Non-Solicitation Agreement with Steven Treschow dated March 4, 2022 ("Non-Solicitation Agreement" or "Agreement"). The Agreement is attached as *Exhibit A*. Mr. Treschow was employed by August Mack as a professional geologist and resigned from his position on May 15, 2023 to work for its direct competitor, Defendant Keystone Environmental, Health & Safety Services, Inc. ("Keystone"). Since his resignation, Mr. Treschow, with the help and encouragement from his new employer, has violated his obligations under the Agreement by soliciting August Mack's clients, selling competitive services to clients he previously serviced for August Mack, and diverting competitive business to his new employer, Keystone.

2. On June 16, 2023, August Mack filed suit against Mr. Treschow for breach of the Agreement. In accordance with the Agreement's forum selection clause, that matter is pending in

128273314v1

the United States District Court for the Southern District of Indiana under Cause No. 1:23-cv-01054-JRS-MKK (the "Indiana Litigation"). In this lawsuit, August Mack seeks damages against Keystone for its tortious interference with the Agreement.

### THE PARTIES, JURISDICTION, AND VENUE

3. August Mack is an Indiana corporation and has its principal place of business in Indianapolis, Indiana. August Mack is therefore a citizen of Indiana.

4. Keystone is a Pennsylvania corporation with a registered office located at 175 St. Catherine St., Suite 226, Loretto, Pennsylvania 15940. Keystone's principal place of business is located at 1111 12th Avenue, Altoona, Pennsylvania, 16601.

5. This Court has diversity jurisdiction over the subject matter of this dispute under 28 U.S.C. § 1332, because August Mack is a citizen of a different state than Keystone, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Keystone is subject to personal jurisdiction in Pennsylvania because its place of incorporation and primary place of business are located within Pennsylvania.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because this is the federal district in which Keystone resides.

### GENERAL ALLEGATIONS AND FACTUAL BACKGROUND

#### I. Mr. Treschow's Employment with August Mack

8. August Mack is an environmental consulting firm that provides environmental due diligence, environmental building sciences, regulatory compliance, subsurface investigation, and remediation services to clients across the country.

9. Although based in Indianapolis, Indiana, August Mack has six offices located in Indiana, Michigan, Ohio, and Pennsylvania.

10. In Spring 2022, August Mack acquired Comstock Environmental ("Comstock") located in Conshohocken, Pennsylvania to expand its footprint.

11. Prior to the acquisition, Mr. Treschow was employed by Comstock as a professional geologist. After the Comstock acquisition, Mr. Treschow continued his employment with August Mack as a Senior Development Services Manager.

12. As consideration for his continued employment with August Mack, Mr. Treschow signed the Non-Solicitation Agreement on March 4, 2022.

13. During his tenure with August Mack, Mr. Treschow served as project manager over many of August Mack's projects, primarily dealing with the remediation and site closure of leaking underground storage tanks.

14. A significant part of Mr. Treschow's duties involved serving as the client contact for August Mack projects and maintaining and cultivating August Mack's relationships with current and prospective clients.

15. Accordingly, while employed by August Mack, Mr. Treschow had direct contact with and established relationships and goodwill with August Mack's clients.

16. Also during his employment with August Mack, Mr. Treschow had access to and was provided with August Mack's confidential and proprietary information ("Confidential Information").

17. August Mack took reasonable steps to protect its Confidential Information, including the information Mr. Treschow acquired, by requiring certain employees to sign confidentiality agreements, non-compete agreements, and by storing the information in password-protected systems.

128273314v1

18. August Mack's Confidential Information is competitively sensitive and would be valuable in the hands of a competitor.

19. August Mack's Confidential Information that Mr. Treschow acquired is not a matter of public knowledge, is not readily ascertainable through public sources, and is valuable to August Mack.

20. Mr. Treschow acknowledged in the Agreement that he would be provided with such Confidential Information and that he would not disclose or use such Confidential Information. [Ex. A, ¶ 2-3.]

21. Mr. Treschow also agreed in the Agreement that for a two-year period following his resignation from August Mack, he would not:

> directly or indirectly, either for himself[] or any other person or entity, sell, or solicit the sale or provision of (or assist, supervise or manage others in the solicitation of the sale or provision of) any product or service that is similar to or competitive with any product or service of [August Mack], to or for . . . [a]ny actual [August Mack] client as to which, during the 18-month period prior to [Mr. Treschow's] separation of employment, [Mr. Treschow]:
>
> (A) engaged in solicitation or sales activity on behalf of [August Mack];
> (B) performed duties or functions on behalf of [August Mack]; or
> (C) received any Confidential Information.

[Ex. A, ¶ 5(a)(i) (cleaned up).]

## II. Keystone Recruits Mr. Treschow and Mr. Treschow Resigns from August Mack

22. Keystone is also an environmental consulting firm and is owned by Darin Tornatore and Matthew Farabaugh.

23. Like August Mack, Keystone provides environmental due diligence, environmental building sciences, regulatory compliance, subsurface investigation, and remediation services to clients across the country.

24. Accordingly, Keystone is a direct competitor of August Mack.

25. In or around April 2023, Mr. Treschow met with Mr. Tornatore and discussed, among other things, the possibility of Mr. Treschow working for Keystone. At that meeting, Mr. Treschow informed Mr. Tornatore that he signed the Agreement with August Mack.

26. Mr. Treschow and Mr. Tornatore had a subsequent meeting with Mr. Farabaugh to again discuss Mr. Treschow's potential employment with Keystone. At that meeting, Mr. Treschow reaffirmed to Mr. Tornatore and Mr. Farabaugh that he signed the Agreement with August Mack.

27. Despite their knowledge of Mr. Treschow's Agreement with August Mack, neither Mr. Tornatore nor Mr. Farabaugh asked to see the Agreement or discussed any potential restrictions that would be imposed on Mr. Treschow to ensure compliance with the Agreement.

28. In May 2023, Keystone extended an offer of employment to Mr. Treschow.

29. Mr. Treschow resigned from his employment with August Mack on May 15, 2023. Because Mr. Treschow resigned, he is therefore subject to the Agreement's two-year restrictive covenant.

### III.   Mr. Treschow, with the Help of Keystone, Breaches the Agreement

30. Mr. Treschow began working for Keystone on May 22, 2023.

31. Prior to the start of Mr. Treschow's employment, on May 18, 2023 Keystone sent letters to several August Mack clients—who received services from Mr. Treschow as an August Mack employee—to announce that Mr. Treschow now worked for Keystone.

32. Thereafter, Mr. Treschow contacted his former August Mack clients seeking to divert business from August Mack to Keystone.

33. Shortly following Mr. Treschow's resignation, several August Mack clients with ongoing underground storage tank projects demanded that August Mack cease work on their

projects ("Former Clients") and notified August Mack that they were hiring a new environmental consultant.

34. While at August Mack, Mr. Treschow was the project manager overseeing August Mack's work on all of the Former Clients until his resignation.

35. Each of the Former Clients refused to identify its new environmental consultant and demanded that August Mack deliver its project files to it directly.

36. Through discovery in the Indiana Litigation, August Mack has learned that, as a Keystone employee, Mr. Treschow has resumed the same services for all of the Former Clients as those he provided as an August Mack employee.

37. Mr. Treschow and Keystone are aware of Mr. Treschow's obligations under the Non-Solicitation Agreement.

38. At no point, before or during Mr. Treschow's employment with Keystone, did Keystone ask Mr. Treschow to provide a copy of the Agreement or impose any restrictions on Mr. Treschow to ensure compliance with the Agreement

39. Indeed, although it is aware of the restrictions contained in the Agreement, Keystone has nonetheless encouraged Mr. Treschow to violate his post-employment contractual obligations to August Mack.

40. At Keystone's direction, Mr. Treschow has directly violated the restrictive covenants of the Agreement by, among other things, soliciting current and former August Mack clients and selling and providing them services directly competitive with August Mack.

41. Mr. Treschow's and Keystone's conduct has significantly damaged August Mack.

**TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIP**

42. August Mack re-alleges paragraphs 1-41 of its Complaint.

43. The Non-Solicitation Agreement is a valid and enforceable contract between August Mack and Mr. Treschow.

44. August Mack has fully complied with all of the terms of the Non-Solicitation Agreement.

45. Keystone intentionally and unjustifiably interfered with August Mack's contractual relationship with Mr. Treschow by, among other things, inducing him to breach the Agreement.

46. As a result of Keystone's conduct, August Mack has suffered damages.

**Prayer for Relief**

WHEREFORE, August Mack Environmental Inc. therefore requests that the Court:

a. Order Keystone to pay damages in an amount to be established at trial;

b. Award August Mack the reasonable attorneys' fees and costs it incurred in enforcing the Agreement; and

c. Grant such other relief as may be proper.

Respectfully submitted,

*/s/ Cary M. Snyder*
Cary M. Snyder (Pa I.D. 311143)
**Taft Stettinius & Hollister LLP**
200 Public Square, Suite 3500
Cleveland, OH 44114
csnyder@taftlaw.com
Ph: (216) 706-3932
Fax: (216) 241-3707

*Attorney for Plaintiff August Mack Environmental Inc.*